1

James B. Wicker, Applicant Pro Per
2  2564 S 4390 W
Hurricane, UT 84737
Phone: (435)703-9546
3  Email: jwicker@hotmail.com

FILED
U.S. DISTRICT COURT

2019 OCT 24 ☐ 3 23

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Case: **4:19-cv-00088**
Assigned To : **Nuffer, David**
Assign. Date : **10/24/2019**
Description: **Wicker v. Bayview Loan Services, et al**

4

5

6

7

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| In re the matter of: | Case Number: |
|---|---|
| Arbitration Award of Robert Presley of HMP Arbitration Services dated June 6, 2019, James B. Wicker, Applicant | SPECIAL ACTION FOR CONFIRMATION OF ARBITRATION AWARD |
| | APPLICATION FOR CONFIRMATION |

8

9

10

11

12

13  Pursuant to 9 U.S.C. §9, Applicant James B. Wicker hereby submits an Application with this

14  Court for an Order confirming the Award issued by Robert Presley of HMP Arbitration Services

15  on June 6, 2019 (Exhibit 1 attached hereto and made fully a part thereof) as well as entry of Final

16  Judgment in favor of James B. Wicker to confirm the said arbitration award against Bayview

17  Loan Servicing LLC and US Bank, NA for Damages of One Million, Eight Hundred Seventy-

18  Five Thousand, Two Hundred and Fifty Dollars ($1,875,250.00), punitive damages of and for

19  the total Award of and also ordering post-award interest at the rate of 10% per annum under 28

20  U.S.C. § 1961 (a), as well as Order for Bayview Loan Servicing LLC and US Bank, NA to cease

1  all litigation against the property of James B. Wicker from the estoppel granted in the said

2  Award.[1]

3  *Jurisdictional Statement*

4  The United States District Court has jurisdiction in this case under 28 U.S.C. § 1332(a),

5  as the parties are of diverse jurisdictions and the amount of the controversy exceeds $75,000.

6  Today  a Notice of Application for Confirmation of Arbitration Award has been sent to

7  the Respondents to comply with jurisdictional requirements under 9 U.S.C. § 9.[2]

8  *Venue*

9  Venue is properly before this Court. The Applicant resides in this United States

10  Judicial District, and the adverse parties reside and conduct business in this Judicial District, or in

11  the alternative, venue is determined by 9 U.S.C. § 9.[3]

12  *The Parties*

13  Applicant James B. Wicker is a resident of Hurricane, UT 84737.

14  Adverse Party Bayview Loan Servicing LLC has offices and resides Utah.

---

[1]  "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC* v. *Manet, Inc.,* 552 U.S. *576,* 587 (2008) *Henry Schein, Inc. v. Archer & White Sales, Inc.* (U.S. Supr. Ct. 01/08/2019)

[2]  9 U.S.C. § 9 "…..Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."

[3]  9 U.S.C. § 9 ". . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."

1    Adverse Party US Bank, NA has offices and resides in ST.Paul ,MN 55107.

2    *Introduction*

3    The specific grounds for this Application are set forth herein under 9 U.S.C. § 9,[4] to which

4    are attached copies of the relevant arbitration agreement (Exhibit 2 attached hereto and made fully

5    a part thereof), and the Award (Exhibit 1) issued by the Arbitrator in the subject arbitration.

6    *Statements of Application*

7    1.  Applicant certifies that Copies of the Award (Exhibit 1) were received by Bayview Loan

8        Servicing LLC on July 15, 2019 (Exhibit 3 attached hereto and made fully a part thereof)

9        and by US Bank, NA on July 12, 2019 (Exhibit 4 attached hereto and made fully a part

10       thereof).

11   2.  Notice of Application for Confirmation of Arbitration Award (Exhibit 5 attached hereto

12       and made fully a part thereof) has been sent for proper service upon Bayview Loan

13       Servicing LLC (Exhibit 6 attached hereto and made fully a part thereof).

14   3.  Notice of Application for Confirmation of Arbitration Award (Exhibit 5 attached hereto

15       and made fully a part thereof) has been sent for proper service upon US Bank, NA (Exhibit

16       7, attached hereto and made fully a part thereof) as required and provided by law.

17   4.  There has been no Motion to Vacate under 9 U.S. Code § 10 or Motion to Modify or

18       Correct the Arbitration Award under 9 U.S. Code § 11 timely served upon Applicant within

19       the statute of limitations found in 9 U.S. Code § 12.[5]

---

[4] "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

5. There is no order to vacate, to modify or correct the Award issued by the United States District Court as provided in 9 U.S. Code § 10 or 9 U.S. Code § 11.

*Conclusion*

THEREFORE, pursuant to 9 U.S. Code § 9[6], Applicant James B. Wicker applies to this Court to enter Final Confirmation Judgment of the Arbitration Award in favor of James B. Wicker against Bayview Loan Servicing LLC and US Bank, NA confirming the June 6, 2019 Arbitration Award of Robert Presley against Bayview Loan Servicing LLC and US Bank, NA in the full amount of the Arbitration Award for the value of: One Million, Eight Hundred Seventy-Five Thousand, Two Hundred and Fifty Dollars ($1,875,250.00).[7] Applicant herein makes application to the Court to order that failure to comply with the order within 30 days will incur interest at the rate of 10% per annum compounded monthly from the date of judgment until final payment.

Applicant James B. Wicker applies to this Court to direct the Clerk of Court to enter this proposed Confirmation Order in the docket as if it was rendered in an action. And that this order shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered pursuant to 9 U.S.C. §9; and that the Clerk of Court be directed thereafter to close the case.

---

[5] "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered..."

[6] "...If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title...."

[7] "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Manet, Inc.,* 552 U.S. *576,* 587 (2008) *Henry Schein, Inc. v. Archer & White Sales, Inc.* (U.S. Supr. Ct. 01/08/2019)

1        This Application is governed by 9 U.S. Code §9 which states in part: The statute of

2   limitations has expired to vacate or modify the award.  Accordingly, the court has the obligation

3   to confirm Petitioner's arbitration award into a judgment.[8]

4        DATED October 23, 2019

5

6   BY: _____

7        James B. Wicker, Applicant Pro Per
     2564 S 4390 W,
     Hurricane, UT 84737

8        Phone: (435)703-9546
     Fax:

9        Email: jwicker@hotmail.com

10

11

12

13

14

15

16

17

18

---

[8] See *Doctor's Assocs., Inc. v. Casarotto,* 116 S. Ct. 1652, 1657  (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitration are enforced); *Allied Bruce Terminix Cos. v. Dobson,* 115 S. Ct. 834, 838 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); *Allied Bruce Terminix Cos. v. Dobson,* 115 S. Ct. 834, 838 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); *Southland Corp. v. Keating,* 465 U.S. 1, 15-16 (1984) (holding the Federal Arbitration Act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).