IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE THE MATTER OF:<br><br>ARBITRATION AWARD OF ROBERT PRESLEY OF HMP ARBITRATION SERVICES, DATED JUNE 6, 2019, JAMES B. WICKER, Applicant<br><br>Petitioner,<br><br>v.<br><br>BAYVIEW LOAN SERVICES; U.S. BANK,<br><br>Respondents. | **ORDER DENYING MOTION FOR SERVICE OF PROCESS AND GRANTING SUA SPONTE MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 4:19-cv-00088-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

"Applicant" James B. Wicker has filed a motion seeking "an Order for the U.S. Marshal Service to make service of Notice of the Application for Confirmation of the Arbitration Award" ("Motion").[1] The Motion is DENIED and this action is DISMISSED WITH PREJUDICE.

A district court may grant a sua sponte motion to dismiss an action with prejudice for failure to state a claim "when it is patently obvious that the plaintiff" (or, here, petitioner or applicant) "could not prevail on the facts alleged and allowing . . . an opportunity to amend [the] complaint" (or, here, petition or application) "would be futile."[2] That standard is satisfied here.

Mr. Wicker commenced this proceeding by filing a document entitled Special Action for Confirmation of Arbitration Award ("Application").[3] He asks the court to confirm an arbitration award of $1,875,250.00 entered in his favor and against Respondents Bayview Loan Servicing,

---

[1] Docket no. 3 at 1, filed October 29, 2019.

[2] *Jones v. Bowers*, 737 Fed. Appx. 846, 848 (10th Cir. 2018) (citation and quotation marks omitted).

[3] Docket no. 1, filed October 24, 2019.

LLC ("Bayview") and US Bank, NA ("USB"). However, the face of the Application itself, which incorporates the attached exhibits referenced therein, make clear that the purported award is bogus because there was never an agreement to arbitrate, and that this action is therefore a farce.

The Application states that it is based on "attached copies of the relevant arbitration agreement (Exhibit 2 attached hereto and made fully a part thereof), and the Award (Exhibit 1) issued by the Arbitrator in the subject arbitration."[4] The supposed "arbitration agreement" referenced is in fact no such thing. Exhibit 2 is a document entitled "Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer."[5] It is addressed to Respondents (and the Department of Agriculture) from Mr. Wicker, and states in part as follows:

> To the Holder in Due Course and/or agent and/or representative
>
> I James B. Wicker have received your offer and accept your offer under the following terms and conditions-
>
> That you provide the following proof of claim, *your failure to provide proof of claim, and to accept payment for credit on account shall constitute a breach of this binding self-executing irrevocable contractual agreement* coupled with interest and subject the breaching party to fines, penalties, fees, taxes and other assessments.[6]

Strikingly absent from this "binding self-executing irrevocable contractual agreement" is any signature from either of the Respondents.[7] Rather, Mr. Wicker's theory is that this "agreement" arose based on Respondents' *failure to respond* to it, as he clearly explains in the attached Memorandum in Support of Application for Confirmation:[8]

---

[4] *Id*. at 3.

[5] Docket no. 1-5, filed October 24, 2019.

[6] *Id*. at 1.

[7] *Id*. at 13 (including only a signature line for James B. Wicker).

[8] Docket no. 1-1, filed October 24, 2019.

On April 5th 2019 Applicant Wicker sent a Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer to Bayview and USB. *This offer and agreement required a response* within a time period that was to be automatically extended upon request. This agreement contained an arbitration clause. *Failure to respond was identified in the document as acquiescence and tacit approval and agreement to the Offer and Agreement*. Both Bayview and USB failed to respond. A Notice was sent to Bayview and USB on April 29, 2019 offering additional time to respond. Both Bayview and USB failed to respond. A Notice of Default was sent to Bayview and USB on May 11, 2019 giving additional three days for a respond [sic]. Both Bayview and USB again failed to respond. A copy of the Request for Arbitration Service to HMP Arbitration Services was sent to Bayview and US Bank, NA.[9]

Because "arbitration is a matter of contract,"[10] and because the theory underlying the arbitration agreement put forward by Mr. Wicker here is unknown to the law of contracts,[11] the purported award is an obvious sham and there can be no valid action based thereon.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[12] is DENIED and this action is DISMISSED WITH PREJUDICE.

Signed November 13, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[9] *Id*. at 2.

[10] *Countrywide Home Loans, Inc. v. Arbitration All. Int'l, LLC*, No. 204CV152 TS, 2004 WL 987131, at *6 (D. Utah Apr. 14, 2004).

[11] *Id*. (explaining that an arbitration agreement does not arise unless "*both* parties . . . expressly agree—not by waiver, estoppel, or any other collateral means") (emphasis in original).

[12] Docket no. 3 at 1, filed October 29, 2019.