James B. Wicker, Pro Per
2564 S 4390 W
Hurricane, UT 84737
Phone: (435) 703-9546
Email: jwicker@hotmail.com

FILED
U.S. DISTRICT COURT

2019 NOV 20 P 1: 50

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re the matter of:<br><br>Arbitration Award of Robert Presley dated June 6, 2019, James B. Wicker, Applicant | MOTION FOR RECONSIDERATION OF ORDER DATED NOVEMBER 13, 2019, OR IN THE ALTERNATIVE, NOTICE OF VOID JUDGEMENT<br><br>Case No. 4:19-cv-00088-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Applicant James B. Wicker ("Wicker") comes before this Court with Applicant's Motion For Reconsideration Of Order Dated November 13, 2019, Or In The Alternative, Notice Of Void Judgment, filed under FRCP Rule 59(e).

MEMORANDUM OF POINTS AND AUTHORITIES

The FAA provides for confirmation when there has been no Order to Vacate or Modify the Award by the District Court where the award was created.[1] A Response to Application for Confirmation would be an Order to Vacate the Arbitration Award.

---

[1] **9 U.S. Code § 9** "….at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

1

A Motion to Vacate document may only be filed in the United States District Court for the Eastern District of California[2] within three months of delivery of the Award.[3] The Statutes of Limitations to file and Serve Notice of Application to Vacate Award has long expired.

The Arbitration Award ('the Award') [1] by Robert Presley dated June 6, 2019, was made in Kern County, California. The Arbitrators had found there was an Arbitration Agreement ('the Award') [1] The Arbitrators had found the matters in dispute were arbitrable ('the Award') [1]. The Arbitrator sent a copy of the award to Bayview on July 27, 2019, which they received. Applicant sent a copy of the Award and an invoice which was received & confirmed by Bayview on July 15th 2019 and US Bank on July 12th 2019. Any objections to the award were to have been filed within three months of delivery in the court with jurisdiction and venue, the United States District Court for the Eastern District of California.

As the Arbitrators had already found the Agreement contained an arbitration clause, the agreement was valid and enforceable, and the matters in dispute were arbitrable, the only question before this Court in this Application for Confirmation is: "Did the United States District Court for the Eastern District of California issue

---

[2] **9 U. S. Code § 10 (a)** "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration: …."

[3] **9 U.S. Code § 12**: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered…"

2

an Order to Vacate or an Order to Modify the Arbitration Award of Robert Presley dated June 6, 2019?" There is either an Order to Vacate or Modify the Award, or there is not. If no Order to Vacate was issued by the United States District Court for the Eastern District of California, the Award must be confirmed.[4]

## MEMORANDUM OF POINTS AND AUTHORITIES

1. The Award by Robert Presley was granted in the Eastern District of California. The jurisdiction and venue to vacate the Arbitration Award under 9 U.S. Code §10[5] is put in the United States District Court for the Eastern District of California.

2. Bayview made no objections to the Arbitrators, submitted nothing for consideration on the matters before the Arbitrators, and did not appear for the arbitration hearing.

3. The Arbitrators found there (1) was an enforceable agreement between the parties, (2) the agreement contained an arbitration clause, (3) all parties are bound by the agreement, (4) Bayview had harmed Wicker in the amount of $1,875,250.00 ('Award') [1].

---

[4] "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Manet, Inc.,* 552 U.S. 576, 587 (2008) *Henry Schein, Inc. v. Archer & White Sales, Inc.* (U.S. Supr. Ct. 01/08/2019

[5] **9 U. S. Code § 10 (a)** "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration: ...."

3

4. Upon receipt of the Award, Bayview made no effort to vacate the award for any reason found under 9 U.S.C. §10[5] within the three-month time limit by statute 9 U.S.C. §12. By statute,[6] the time to Vacate the award in the proper court has expired.

5. Congress intended that only one court has that jurisdiction so the judge being asked to confirm the Award would only have to look at the docket of <u>one district court</u> to discover whether or not the Award could be confirmed without having to scour the dockets of all possible courts for such an Order.

6. The Arbitration Award issued by HMP Arbitration Services was a result of an Arbitration Hearing. All parties were noticed of the hearing. The Award was signed and Notarized. The Award was delivered to all parties. The Award **exists**. After receiving the Award, Bayview had the opportunity to vacate the award in the Eastern District of California and failed to do so or even use the very arguments the Court makes to vacate the award under U.S.C. 9 U.S.C. § 10 within the three months allotted by statute, 9 U.S.C. § 12. Bayview had a legal duty to act and by failing to do so, accepted the Award and the contract. Otherwise, Bayview would have sought to

---

[6] **9 U.S. Code § 12**: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered…"

4

have the award vacated in a timely manner. Bayview did not seek to void the award or the contract.

The opinion of this Court that the Agreement is not valid after the three months statutes of limitations, after the Arbitrators already determined that it was valid, does not dissolve, modify or vacate the Award. Modification or vacation of the award must be done within the three months of receipt by Bayview by motion to the U. S. District Court for the Eastern District of California. Bayview does not acquire months of extra time to vacate the award by any process.

7. Upon filing an appearance in this Court, Bayview did not present an order issued by the United States District Court for the Eastern District of California to vacate or modify this Award under 9 U. S. Code § 10[7] or 9 U. S. Code § 11.

8. "The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." Nationwide Mutual Ins. Co. v. Home Ins. Co., 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9). Review of an arbitrator's award is governed by "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir.1990); see *also Beacon Journal Publ'g Co. v. -8- Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir.1997) (observing that "[t]he Supreme Court has made clear . . . that courts must accord

---

[7] Ibid. *See* Footnote 3

5

an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed"). Under the FAA, 9 U.S.C § 1 et seq., a district court with appropriate jurisdiction "must enforce an award if 'the arbitrator's award draws its essence from the . . . agreement, and is not merely his own brand of industrial justice.'" *Jacada (Europe), Ltd. v. Inter'l Marketing Strategies, Inc.*, 401 F.3d 701, 712 (6th Cir. 2005) (quoting *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 36 (1987). Consequently, the Court must grant the plaintiff's and intervening plaintiff's motion to confirm and enforce the arbitral award unless there are valid grounds for vacating it under the narrow standards set out in the FAA.

9. In a recent unanimous decision dated 8 January 2019, Justice Kavanaugh delivered his first opinion of the United States Supreme Court (the "Court") in *Henry Schein, Inc. v. Archer and White Sales, Inc*. As set-out below, the Court's decision in Schein is in line with principles of international arbitration – namely that courts must respect the terms of the arbitration agreement as written and that, if the parties agreed, an arbitral tribunal has the power to decide threshold questions of arbitrability.

In Schein, Archer and White brought suit in the United States District Court for the Eastern District of Texas alleging violations of federal and state antitrust law, seeking monetary damages and injunctive relief. The contract's arbitration agreement in part stated:

> "Any dispute arising under or related to this Agreement (except for actions seeking injunctive relief … shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association [(AAA)]."

The issue before the Court was whether there was a "wholly groundless" exception to the widely-established principle that an arbitral tribunal and not a court has the power to decide "threshold" questions of arbitrability. Previously, the Fifth, Sixth, and other Federal Circuits had upheld an exception when the notion that a claim is subject to the arbitration agreement is "wholly groundless." The Court granted certiorari to address the disagreement among circuit courts over whether a "wholly groundless" exception comports with the FAA and Court precedent.

The Court held that the "wholly groundless" exception was inconsistent with the Federal Arbitration Act (the "FAA") and that the Court was "not at liberty to rewrite the statute passed by Congress and signed by [then-President Coolidge in 1925]." The Court further reasoned that "the courts must respect the parties' decision as embodied in the contract." Relying upon the text of the FAA, the Court stated that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." With that in mind, and relying upon First Options (514 U.S. 938, 943 (1995)), the Court stated that "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway questions of arbitrability, such as whether their agreement covers a particular controversy.'"

The Court also noted precedent in AT&T Technologies (475 U.S. 643, 649-650 (1986)) "that a court may not 'rule on the potential merits of the underlying' claim that is assigned by contract to an arbitrator, 'even if it appears to the court to be frivolous.'" The Court stated that this "principle applies with equal force to the threshold issue of arbitrability." The Court thus held that "when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless." With that, the Court struck down the "wholly groundless" exception. In this instance, the Agreement clearly states the Arbitrator is to determine the validity of the Agreement and the arbitrability of the matters before the panel.

10. The Arbitrator(s) determined there was an arbitration agreement and that the matters in dispute were arbitrable. Bayview was notified of the hearing and failed to appear, and filed no documents to support any position before the Arbitrator. There is no Order to vacate, modify, or correct the Arbitration Award of Robert Presley of June 6, 2019 as enumerated in 9 U.S.C. §§ 10-11 issued by the United States District Court for the Eastern District of California. Bayview had three months to file an application or motion to Vacate the subject award under 9 U.S.C. § 12 in the United States District Court for the Eastern

District of California and failed to do so. This Court has no discretion other than to confirm the Arbitration Award as written under 9 U.S.C. § 9[8] and case law.[9]

11. The United States District Court for the District of Utah is given jurisdiction and venue to confirm the Award under 9 U.S. Code §9[6] and the subject Agreement. Under statute[10] and existing case law,[11] the Award by Robert Presley of June 6, 2019 must be confirmed.

12. Applicant thanks the Court for the opinions on this matter. In all actuality his opinions are just that, personal opinions. They have no force in law in this instance and no relevance to the issue. Using such terms as 'bogus' 'farce' 'sham' and 'theory' is not accurate at all. The question here is not whether Judge Nuffer believes that this is a binding contract but whether Bayview or US Bank

---

[8] **9 U.S. Code § 9** "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

[9] "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Manet, Inc.,* 552 U.S. 576, 587 (2008) *Henry Schein, Inc. v. Archer & White Sales, Inc.* (U.S. Supr. Ct. 01/08/2019)

[10] **9 U.S. Code § 9** "....at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

[11] Ibid. *See* Footnote 1

challenged the Arbitration award in the time allowed or not. The court's only job is to confirm it, not decide whether they like it or not.

> "As to the unsigned forms it is well-established that a party may be bound by an agreement to arbitrate even absent a signature. See, e.g., *McAllister Brothers, Inc. v. A & S Transportation Co.*, 621 F.2d 519, 524 (2d Cir.1980). Further, while the Act requires a writing, it does not require that the writing be signed by the parties. See 9 U.S.C. Sec. 3; *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345, 348 (10th Cir.1973); *Fisser,* 282 F.2d at 233. Thus, the district court did not err in finding that in this long standing and on-going relationship Genesco agreed to arbitrate disputes arising under the unsigned sales confirmation forms as well. See *Imptez International Corp. v. Lorprint Inc.*, 625 F.Supp. 1572 (S.D.N.Y.1986)." *Genesco Inc v. T Kakiuchi & Ltd*, 815 F. 2d 840

13. The respondents could have acted on their own behalf and they did not. It is now untimely under the statutes and the court cannot make up for their shortcomings. Bayview and US Bank confirmed their receipt of the award. Respondents had opportunity to file a Motion to Vacate the Award in the Eastern District of California within three months if Respondents did not agree to accept the award as it stands. Respondents did not make any effort to vacate the award within the time allotted. Dismissing this application for confirmation of award with prejudice is not within this court's power, unless they are in receipt of an order from the Eastern District of California court to vacate. This Court should not usurp the powers of Congress which limited the time to vacate an award for three months, only in the District Court wherein the award was made. That time has passed. This is not that Court. This Court possesses only the jurisdiction to confirm the award under the controlling statutes, 9 U.S.C. §

9. Without having jurisdiction and venue under 9 U.S. Code § 10 to vacate the Award by Robert Presley of June 6, 2019, this Court has no alternative but to confirm the award.

CONCLUSION

Applicant James B. Wicker moves this Court to rescind the order of November 13, 2019 and to direct the Clerk of the Court to rescind the judgment entered. Applicant James B. Wicker moves this Court to direct the Clerk of Court to enter the proposed order in the docket as if it was rendered in an action. And that this order shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered pursuant to 9 U.S.C. § 9; and that the Clerk of Court be directed thereafter to close the case.

Respectfully submitted,

Date: 18NOV2019

James B. Wicker, Applicant, Pro per